UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL CATANESE;** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| **NICHOLAS IAN CLIFFORD, in his individual capacity; BRANDI CATANESE; JASON GREEN;** | ) ) ) |
| | ) |
| **Defendants** | ) |
| | ) |

**VERIFIED FEDERAL CIVIL RIGHTS COMPLAINT**

Plaintiff Michael Catanese ("Plaintiff Catanese"), pursuant to 42 U.S.C. § 1983 brings this cause of action for redress of violations of his rights afforded and guaranteed to him under the Fourth and Fourteenth Amendment of the United States Constitution.

**I. JURISDICTION AND VENUE**

1.  This action arises under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

2.  Jurisdiction is proper under 28 U.S.C. §§1331 and 1343.

3.  This Court also has supplemental jurisdiction over the supplemental claims herein pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this Court pursuant to under 28 U.S.C. §1391(b) because the events giving rise to this cause of action occurred within this District.

## II. PARTIES

5. Plaintiff Michael Catanese, as all times relevant and material was a resident of Shelby County, Alabama.

6. Defendant Nicholas Ian Clifford, ("Defendant Clifford") at all times relevant and material was a Deputy Sheriff employed by the Shelby County, Alabama Sheriff's Department and was acting under the color of law.

7. Defendant Brandi Catanese ("Defendant Catanese"), at all times relevant and material was a resident of Shelby County, Alabama.

8. Defendant Jason Green ("Defendant Green"), at all times relevant and material was a resident of Talladega County, Alabama.

## III. FACTUAL ALLEGATIONS

9. Plaintiff Catanese is an avid collector of firearms, gold, and silver.

10. The firearms, gold and silver collected by Plaintiff Catanese are and remains the personal property of Plaintiff Catanese.

11. Plaintiff Catanese and Defendant Catanese were married in 2000.

12. Plaintiff Catanese and Defendant Catanese cohabitated as husband and wife, living in a marital home located in Shelby County, Alabama.

2

13. At the marital home, Plaintiff Catanese had two (2) safes with manually locking combination locks.

14. The afore-mentioned safes housed many of the firearms, gold and silver collected and owned by Plaintiff Catanese.

15. Plaintiff Catanese is a member in several limited liability companies.

16. Defendant Catanese is not a member of the limited liability companies to which Plaintiff Catanese is a member.

17. Plaintiff Catanese discovered that during his marriage to Defendant Catanese, Defendant Catanese engaged in an extramarital affair with Defendant Green among others.

18. On or about December 7, 2023, after a physical altercation initiated by Defendant Catanese, Defendant Catanese caused a Petition for Protection from Abuse ("PFA") to be filed against Plaintiff Catanese.

19. As a result of the PFA being filed, an arrest warrant was issued for Plaintiff Catanese.

20. On or about December 7, 2023, Defendant Clifford and between six to seven deputies from the Shelby County Sheriff's Department arrived at the marital home of Plaintiff Catanese and Defendant Catanese.

21. The purpose of the deputies' arrival was to effect the arrest of Plaintiff Catanese on a domestic violence charge.

22. Plaintiff Catanese was unaware of the impending arrival and arrest of his person by the deputies.

23. Prior to their arrival Plaintiff Catanese had arrived home and discovered that Defendant Catanese had left the marital home and taken many items from the marital home.

24. Fearful that Defendant Catanese would return and steal the contents of the safes, Plaintiff Catanese, prior to the arrival of Defendant Clifford and the other deputies, changes the combination to the upstairs safe.

25. At that point, only Plaintiff Catanese knew the safes' combinations.

26. Upon the deputies' arrival, the safes were locked.

27. Upon the deputies' arrival, Plaintiff Catanese, as is his Second Amendment right, was carrying a firearm.

28. Plaintiff Catanese informed the deputies prior to their entry into his home that he was wearing the firearm.

29. Plaintiff Catanese raised his arms in surrender, and the deputies removed the firearm from his person.

30. After carrying out the arrest of Plaintiff Catanese, Defendant Clifford told Plaintiff Catanese to provide the combination to the safe so that Plaintiff Catanese's personal firearm could be secured inside the safe.

31. Plaintiff Catanese told him four times he did not want to give his combination but finally had to supply Defendant Clifford with the combination that up until that point was known only by Plaintiff Catanese.

32. Plaintiff Catanese observed Defendant Catanese write the combination in a notebook.

33. Plaintiff Catanese was then taken to the Shelby County Detention Center and processed into jail

34. Because of the PFA, it was over two months before Plaintiff Catanese was able to return to his home.

35. Upon his return to his home, Plaintiff Catanese discovered that the safe had been opened by combination and nearly all of its contents were no longer inside the safe.

36. The estimated value of the missing contents of the safe is between One and One-Half to Two Million dollars.

37. Plaintiff Catanese later learned through a pending divorce action that Defendant Catanese is in possession of some items from the safe whose combination he provided to Defendant Clifford.

38. Plaintiff Catanese is informed and alleges that Defendant Green is also in possession of certain of his personal property that was removed from the marital home.

39. Other than Plaintiff Catanese, the only other person who knew the combination to the safe was Defendant Clifford.

40. Upon information and belief, Defendant Catanese acquired the combination to Plaintiff Catanese' safe.

41. After acquiring the combination, Defendant Catanese deprived Plaintiff Catanese of his personal property in the safe.

42. Plaintiff Catanese's Constitutional rights were violated.

43. Plaintiff Catanese has suffered damages.

44. Hence, this lawsuit.

## IV. CLAIMS FOR RELIEF
## COUNT I – FOURTH AMENDMENT – UNREASONABLE SEIZURE

45. Plaintiff Catanese further alleges:

46. Defendant Clifford intentionally disclosed Plaintiff Catanese's safe combination to Defendant Catanese, an unauthorized personal.

47. Defendant Clifford's unauthorized disclosure of the safe combination created a meaningful interference with Plaintiff Catanese's possessory interest in his personal, nonmarital, nonquasi-marital property.

48. Defendant Clifford's disclosure of the safe combination constitutes a seizure under the Fourth Amendment because Defendant Clifford's actions caused Plaintiff Catanese's property to be misused by Defendant Catanese.

49. The unauthorized disclosure of the safe combination by Defendant Clifford constitutes an unreasonable seizure under the Fourth Amendment.

50. Plaintiff Catanese has suffered actual and real damages as a result of Defendant Clifford's actions.

WHEREFORE, premises considered Plaintiff Catanese demands judgment against Defendant Clifford for this Count I and seeks damages both compensatory and punitive in nature as well as attorneys' fees and costs.

### COUNT II – FOURTEENTH AMENDMENT – DUE PROCESS (STATE-CREATED DANGER)

51. Plaintiff Catanese further alleges:

52. Defendant Clifford affirmatively created or increased the danger to Plaintiff Catanese by enabling Defendant Catanese to access Plaintiff Catanese's safe by providing Defendant Catanese the combination.

53. The actions of Defendant Clifford constitute a depravation of Plaintiff Catanese's property without due process.

WHEREFORE, premises considered, Plaintiff Catanese demands judgment against Defendant Clifford for this Count II and seeks damages both compensatory and punitive in nature, as well as attorneys' fees and costs.

### COUNT III – CONVERSION

54. Plaintiff Catanese further alleges:

55. Defendant Catanese and Defendant Green, acting without permission, legal authority, or consent, intentionally accessed Plaintiff Catanese's safe after receiving the unlawfully disclosed safe combination from Defendant Clifford.

56. Defendant Catanese and Defendant Green wrongfully exercised dominion and control over Plaintiff Catanese's property that was in the safe.

57. The actions of Defendant Catanese and Defendant Green in taking Plaintiff Catanese's property from the safe interfered with Plaintiff Catanese's ownership rights in the contents of the safe.

58. As a direct and proximate result of the conduct of Defendant Catanese and Defendant Green as alleged in this Count, Plaintiff suffered a loss of property, namely gold, silver and firearms.

59. As a direct and proximate result of the conduct of Defendant Catanese and Defendant Green as alleged in this Count, Plaintiff suffered diminished value of the stolen property.

60. As a direct and proximate result of the conduct of Defendant Catanese and Defendant Green as alleged in this Count, Plaintiff suffered emotional distress and mental anguish associated with the Defendants' action described in this Count.

61. The actions of Defendant Catanese as described in this Count was willful, malicious, and intentional.

62. The actions of Defendant Green as described in this Count was willful, malicious, and intentional.

WHEREFORE, Plaintiff Catanese demands judgment against Defendant Catanese and Defendant Green for this Count III and seeks both compensatory and punitive damages.

## JURY DEMAND

63. Plaintiff Catanese demands trial by a struck jury on all triable issues of fact.

## VERIFICATION

I hereby declare under the pains and penalty of perjury that the forgoing allegations are true and correct to the best of my knowledge.

_____
Michael Catanese, Plaintiff

Respectfully submitted,

/s/ H. Gregory Harp
H. Gregory Harp (ASB-0904-t75h)
GREGORY HARP LLC
810 Watterson Curve #26
Trussville, Alabama 35173
205.291.0088
gh@gregoryharplaw.com

9